1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11  HOWARD YOUNG,                          )  Case No.: 1:16-cv-01276-JLT (HC)
                                           )
12              Petitioner,                )  ORDER REQUIRING PETITIONER TO SUBMIT
                                           )  AN AMENDED PETITION
13       v.                                )
                                           )
14  C. PFEIFFER, Warden,                   )  THIRTY -DAY DEADLINE
                                           )
15              Respondent.                )  ORDER DIRECTING CLERK OF THE COURT TO
                                           )  SEND PETITIONER A FORM FOR FILING
16                                         )  HABEAS CORPUS PETITION PURSUANT TO 28
                                           )  U.S.C. § 2254
17  _____ )

18          Petitioner filed a Petition for Writ of Habeas Corpus on August 29, 2016.[1] (Doc. No. 1).

19  Petitioner did not complete the form petition.  Instead, he attached as an exhibit a copy of a petition he

20  submitted to the California Supreme Court.  This is improper.  Petitioner must either complete a

21  federal form petition or substantially follow the federal form in preparing his petition.  See Rule 2,

22  Rules Governing Section 2254 Cases.  For this reason, the Court will dismiss the petition and require

23  Petitioner to file an amended petition.

24  **I.        PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL**

25          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

26          If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
            to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
27          the petitioner.

28
    _____
    [1] Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on September 12, 2016.

                                                    1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.    INSUFFICIENT INFORMATION

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> …shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977).

Petitioner submitted a form federal petition but he failed to complete the majority of the form.  Instead of providing responses to the questions, Petitioner strikes out the form and writes "N/A."  As to his claims, Petitioner only states "Fourteenth Amendment" and "Eighth Amendment." He then references Exhibit A which is a copy of a petition he submitted to the California Supreme Court.  This does not comply with the requirements of Rule 2(c).  Petitioner must complete the form petition or at least substantially follow the form petition.  Without the necessary and pertinent information requested in the form petition, the Court is unable to proceed.  It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.  Petitioner has failed to meet these minimal pleading requirements.  Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual

2

allegations, in order for this case to proceed.

## III.    FAILURE TO STATE A CLAIM

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner claims the Fourteenth and Eighth Amendments were violated, but he fails to specify how, and he fails to provide any supporting facts.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir. 1994).  In addition, he does not argue that he is in custody in violation of the Constitution or federal law.  He does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  For all of the foregoing reasons, the petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

## IV.    ORDER

Accordingly, the Court ORDERS:

1.  The instant petition for writ of habeas corpus is **DISMISSED**.  Petitioner is **GRANTED** 30 days from the date of service of this Order to file a first amended petition that complies with this order;

2.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

3

1   **Petitioner is forewarned that his failure to comply with this order may result in an order**

2   **of dismissing the petition according to Local Rule 110.**

3

4   IT IS SO ORDERED.

5   Dated:   **September 13, 2016**         **/s/ Jennifer L. Thurston**

6                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4