UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>            Petitioner,<br><br>      v.<br><br>C. PFEIFFER, Warden,<br><br>            Respondent. | Case No.: 1:16-cv-01276-JLT (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION AND REQUIRING PETITIONER TO SUBMIT A SECOND AMENDED PETITION<br><br>[THIRTY DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on August 29, 2016.[1] Following a preliminary review of the petition, the Court determined that Petitioner had failed to file a complete habeas petition. Therefore, on September 14, 2016, the Court issued an order directing Petitioner to submit a First Amended Petition. Petitioner filed a First Amended Petition on November 3, 2016, which is presently before the Court. The Court has screened the First Amended Petition and finds it too fails to state a federal claim for relief. Therefore, the Court will dismiss the amended petition and require Petitioner to file a Second Amended Petition.

I.     **PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on September 12, 2016.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. FAILURE TO STATE A CLAIM

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In his first claim for relief, Petitioner alleges the California Department of Corrections and Rehabilitation violated his due process rights under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment when it denied him access to rehabilitation programs including vocational and trade apprenticeship opportunities. Petitioner also claims the CDCR wrongfully denied his request for out-of-state transfer to be closer to his family and/or San Quentin. In his second claim, Petitioner alleges he was wrongfully classified when the CDCR failed to take into consideration his previous C-file minimum custody camp eligibility.

With these claims, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and these claims must be dismissed. Should Petitioner wish to pursue them, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## III. INSUFFICIENT INFORMATION

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

>…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

In his third claim for relief, Petitioner alleges the CDCR violated his due process rights and his right to be free from cruel and unusual punishment when it wrongfully calculated his EPRD release and/or parole hearing eligibility date.  He claims the CDCR has wrongfully limited him to 66% instead of 50% good time.

Petitioner's third claim does not comply with the requirements of Rule 2(c).  The claim is completely conclusory and without any supporting facts.  Petitioner fails to demonstrate how CDCR has wrongfully calculated his release date and/or parole eligibility date and in what way the Eighth and Fourteenth Amendments were violated.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir. 1994).  Petitioner has thus failed to meet these minimal pleading requirements.

Accordingly, the Court will dismiss the first amended petitio and Petitioner will be required to submit a second amended petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

**IV.     ORDER**

Accordingly, the Court **ORDERS**:

1. The first amended petition is **DISMISSED**;
2. Petitioner is **GRANTED** thirty days from the date of service of this Order to file a second amended petition that complies with this order;
3. The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 15, 2016**            /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

4