UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>   Petitioner,<br><br>   v.<br><br>C. PFEIFFER, Warden,<br><br>   Respondent. | Case No.: 1:16-cv-01276-JLT (HC)<br><br>ORDER DISMISSING SECOND AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner filed a petition for writ of habeas corpus on August 29, 2016.[1] Following a preliminary review of the petition, the Court determined that Petitioner had failed to file a complete habeas petition. Therefore, on September 14, 2016, the Court issued an order directing Petitioner to submit a First Amended Petition. Petitioner filed a First Amended Petition on November 3, 2016. The Court screened the First Amended Petition and determined that it too failed to state a federal claim for relief. Therefore, on November 15, 2015, the Court dismissed the First Amended Petition and directed Petitioner to file a Second Amended Petition. On December 8, 2016, Petitioner filed the instant Second Amended Petition. Because the Second Amended Petition suffers from the same deficiencies identified in the prior petitions and Petitioner has had multiple opportunities to submit a

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on September 12, 2016.

1

petition setting forth cognizable claims, the Second Amended Petition will be **DISMISSED** without leave to amend.

## I.   PROCEDURAL GROUNDS FOR SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   FAILURE TO STATE A CLAIM

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In addition, Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> …shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition. Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison,

431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

In his first claim for relief, Petitioner alleges the California Department of Corrections and Rehabilitation violated his due process rights under the Fifth, Sixth, and/or Fourteenth Amendments when he was denied parole consideration. Once again, Petitioner provides no supporting facts. As before, the claim is conclusory. Petitioner was previously advised that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir. 1994). In addition, challenges to a parole suitability determination are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011).

In his second claim, Petitioner alleges that CDCR violated his right to be free from cruel and unusual punishment under the Eighth Amendment when it denied him access to rehabilitation programs including reentry programs and alternative custody programs such as transitional housing. As the Court stated before, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.[2] Thus, Petitioner is not entitled to habeas corpus relief, and the claim must be dismissed.

In his third claim for relief, Petitioner alleges he is being denied release and is now in unlawful custody in violation of the Fifth, Sixth and Fourteenth Amendments due to CDCR's failure to properly calculate his release date, eligibility for release, worktime credits, and classification points. Like his other claims, Petitioner offers no supporting facts. The claim is conclusory and must be dismissed.

In his fourth and final claim, Petitioner alleges a violation under the Fifth, Sixth, Eighth, and Fourteenth Amendments because he is being denied access to rehabilitation programs such as vocational, trade, and/or apprenticeship programs as well as access to state licensing. Again, Petitioner is challenging the conditions of confinement. The claim is not cognizable in a federal habeas action and must be dismissed.

Accordingly, the Second Amended Petition suffers from the same deficiencies identified in the two prior petitions. Because it is apparent Petitioner cannot set forth a viable claim for relief, the

---

[2] In addition, even if the Court treated this petition as one brought under 42 U.S.C. § 1983, it would have to dismiss the petition because he fails to provide sufficient factual detail to support the conditions of confinement claims and fails to name a defendant who is not entitled to the protections of the Eleventh Amendment.

petition will be dismissed without leave to amend.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

## IV.     ORDER

Accordingly, the Court **ORDERS**:

1. The First Amended Petition is hereby DISMISSED without leave to amend;
2. The Clerk of Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **December 13, 2016**            /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE