UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFFER, Warden,<br><br>　　　　Respondent. | Case No.: 1:16-cv-01276-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. No. 13] |

Pending before the Court is Petitioner's motion for reconsideration. Because there are no grounds for reconsideration, the motion will be **DENIED**.

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus on August 29, 2016. Following a preliminary review of the petition, the Court determined that Petitioner failed to file a complete habeas petition. Therefore, on September 14, 2016, the Court issued an order directing Petitioner to submit a First Amended Petition. Petitioner filed a First Amended Petition on November 3, 2016. The Court screened the First Amended Petition and determined that it too failed to state a federal claim for relief. Therefore, on November 15, 2015, the Court dismissed the First Amended Petition and directed Petitioner to file a Second Amended Petition. On December 8, 2016, Petitioner filed a Second Amended Petition. The Second Amended Petition suffered from the same deficiencies identified in the prior petitions and, noting that Petitioner had multiple opportunities to submit a petition setting

forth cognizable claims and because the claims as presented made clear Petitioner could not state a viable claim for relief, the Second Amended Petition was dismissed without leave to amend. On January 3, 2017, Petitioner filed the instant motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner has failed to satisfy any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. In addition, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Rather, Petitioner asks for an opportunity to file a Third Amended Petition in order to include additional case law citations. In the order dismissing the Second Amended Petition, the Court noted that Petitioner has had multiple opportunities to present a viable claim for relief but failed to do so. In

addition, all of Petitioner's claims were either foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011), or were not cognizable because they challenged the conditions of confinement. None of the claims presented could be cured with additional case law citations.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is the Court **ORDERS** that Petitioner's motion for reconsideration (Doc. 13), is **DENIED**.

IT IS SO ORDERED.

Dated:  **January 5, 2017**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE